UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE HERNANDEZ REYES,<br>  Petitioner,<br>  v.<br>MOISES BECERRA, et al.,<br>  Respondents. | Case No. 23-cv-04079-JCS (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. No. 2 |

## INTRODUCTION

Petitioner seeks federal habeas relief from his continued detention by the United States Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE) without a bond hearing. To this end he has filed a petition under 28 U.S.C. § 2241. When liberally construed, petitioner has stated a claim for relief. In response to the petition, respondents shall file an answer or a dispositive motion on or before **February 1, 2024**.

Petitioner has consented to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c). (Dkt. No. 4.)

Petitioner's motion to proceed *in forma pauperis* (IFP) is GRANTED. (Dkt. No. 2.)

## BACKGROUND

The following facts come from the petition. Petitioner, a Mexican national, was convicted in 2015 in the Los Angeles Superior Court of making criminal threats (Cal. Penal Code § 422) and pleaded no contest to a charge of violating a protective order (*id.* § 273.6(a)). (Pet., Dkt. No. 1 at 2; Dkt. No. 1-1 at 43, 62). After he was released from state custody, DHS took him into federal custody and charged him "under § 234(a)(2)

(A)(ii) of INS and as defined in § 101(a)(43)(F) of the act." (*Id.*, Dkt. No. 1 at 2.) He was transferred to Golden Gate Annex in Macfarland, California, an ICE facility. (*Id.*) Petitioner conceded to removal; his application for asylum, "Withholding and CAT" was denied; and on April 26, 2023 he was ordered to be removed to Mexico. (*Id.*)

## DISCUSSION

Petitioner alleges his continued detention without a bond hearing violates due process. (Pet., Dkt. No. 1 at 2-3, 17-18.) When his allegations are liberally construed, it appears that petitioner has stated cognizable habeas claims under section 2241.

Petitioner's motion to proceed IFP is GRANTED. (Dkt. No. 4.)

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondents and respondents' counsel. The Clerk shall also send a copy of the petition to the Attorney General of the United States in Washington, DC, and on petitioner.

2. On or before **February 1, 2024**, respondents shall file with this Court and serve upon the petitioner an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be issued. Respondents shall file with the answer a copy of all documents that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it upon respondents within thirty (30) days after the date the answer is filed.

4. In lieu of an answer, respondents may file, on or before **February 1, 2024**, a motion to dismiss on procedural grounds. If respondents file such a motion, petitioner shall file with the Court and serve on respondents an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondents shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondents by mailing a true copy of the document to respondents' counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondents informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to proceed *in forma pauperis* is GRANTED. (Dkt. No. 2.)

9. The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** October 24, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge