UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE HERNANDEZ REYES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOISES BECERRA, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-04079-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

## INTRODUCTION

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking relief from his continued detention by the United States Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE). He claims that his continued detention without a bond hearing violates his right to due process.[1] (ECF No. 1.) After conducting a preliminary review of the petition, the Court found it, when liberally construed, stated a cognizable claim for relief, and ordered Respondent to show cause why the petition should not be granted. (ECF No. 5.) Respondent filed a motion to dismiss the petition as moot in light of Petitioner's removal. (ECF No. 9.) Petitioner did not file an opposition. For the reasons discussed below, the motion to dismiss is GRANTED and the petition is DISMISSED as moot.

## BACKGROUND

Petitioner, a Mexican national, was convicted in 2015 in the Los Angeles Superior Court of making criminal threats (Cal. Penal Code § 422) and pleaded no contest to a charge of violating a protective order (*id.* § 273.6(a)). (ECF No. 1 at 2; No. 1-1 at 43, 62). After he was released from state custody, DHS took him into federal custody and charged him "under § 234(a)(2) of INS and

---

[1] Petitioner and Respondent have consented to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c). (Dkt. Nos. 4, 8.)

1   as defined in § 101(a)(43)(F) of the act." (*Id*. at 2.)  He was transferred to Golden Gate Annex
2   ("GGA") in Macfarland, California, an ICE facility. (*Id*.)  Petitioner conceded to removal; his
3   application for asylum, "Withholding and CAT" (Convention Against Torture Act) was denied;
4   and on April 26, 2023, he was ordered to be removed to Mexico by an Immigration Judge ("IJ")
5   (*Id*.; ECF No. 9-2 at 6-15.)  Petitioner appealed the order of removal to the Board of Immigration
6   Appeals (BIA). (ECF No. 9-4 at 1-6.)  On August 10, 2023, the BIA dismissed Petitioner's appeal
7   and entered a final order of removal. (ECF No. 9-5.)

The next day, August 11, 2023, Petitioner filed the instant petition, and one week later, he filed a petition for review of the removal order and motion for a stay of removal with the Ninth Circuit. (ECF Nos. 1, 9-6.)  The motion for a stay led to an automatic temporary stay of removal by the Ninth Circuit. (ECF No. 9-6 at 3.)  Petitioner's motion for a stay was denied on November 17, 2023. (*Id.*)  On November 27, 2023, Petitioner was released by DHS from GSA, and the next day Petitioner was removed to Mexico. (ECF No. 9-7, 9-8.)

## DISCUSSION

Petitioner alleges his continued detention without a bond hearing violates due process, and on that basis he seeks a bond hearing so he has the opportunity for release from custody.  As Petitioner is no longer detained, however, a bond hearing would serve no purpose.  In *Abadla v. I.N.S.*, 488 F.3d 1061, 1064-65 (9th Cir. 2007), the Ninth Circuit ruled that a noncitizen's habeas petition premised on prolonged civil immigration detention was moot because the petitioner was released from detention and removed while the case was pending.  Petitioner is in the same position as the petitioner in *Abadla.*  Consequently, under *Abadla*, this petition is moot and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and the instant petition is DISMISSED as moot.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  March 14, 2024

JOSEPH C. SPERO
United States Magistrate Judge